

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCA DILEO, a Minor, by FRANK DILEO, his Father and Next Friend,<br><br>    Plaintiff,<br><br>v.<br><br>VI-JON LABORATORIES, INC. and DISNEY ENTERPRISES, INC.,<br><br>    Defendants.<br>---------------------------------<br>VI-JON LABORATORIES, INC.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>PCA APPAREL INDUSTRIES, INC., AMERICAN MARKETING ENTERPRISES, INC., PRETIUM PACKAGING, BERRY PLASTICS CORP., POLY-SEAL CORP., BERRY PLASTICS CORP. f/k/a POLY-SEAL CORP., & CHEMISPHERE CORP.,<br><br>    Third-Party Defendants. | Case No. 05 C 2877<br><br>Magistrate Judge<br>Martin C. Ashman |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of third-party defendant American Marketing Enterprises, Inc. ("AME"), for summary judgment on the claims against it by third-party plaintiff Vi-Jon Laboratories, Inc. ("Vi-Jon"). The parties have consented to have this Court conduct any and all proceedings in this case, including the entry of final judgment. *See* 28

U.S.C. § 636(c); Local R. 73.1(a). For the reasons that follow, the Court grants AME's motion and grants summary judgment.

## I. Background

The matters at issue in this motion revolve around potential liability for a personal injury to Luca Dileo. Dileo sustained burns while he was wearing pajamas that Vi-Jon alleges were manufactured by PCA Apparel Industries ("PCA"). (Def.'s Statement of Material Facts, ¶ 6.) Vi-Jon also alleges that in either 2000 or 2001 AME purchased PCA, and that in this purchase AME assumed the rights and obligations of PCA. (*Id.*) AME states that it purchased PCA on December 1, 2001 when it entered into a bill of sale under which PCA "granted, sold, conveyed, transferred, assigned and delivered to AME . . . all of its rights, talents, interests to its tangible and intangibles [sic] assets." (Def.'s Statement of Material Facts, ¶ 11.) The bill of sale referenced a terms agreement, dated July 20, 2001, which indicated that AME "would not assume any of PCA's liabilities or commitments other then [sic] those referenced in the Terms Agreement or in the defended agreements." (*Id.*) AME and PCA were owned and managed separately, (Def.'s Statement of Material Facts, ¶ 22), and the terms agreement required various principals of PCA to sign noncompete agreements. (Def.'s Statement of Material Facts, ¶¶ 12-14.) Other "employees of PCA continued some business operations after the purchase date and these operations were not acquired by AME." (Def.'s Statement of Material Facts, ¶ 23.)

## II. Discussion

Federal Rule of Civil Procedure 56 allows the Court to grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] genuine issue of material fact exists only where 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Dribeck Importers, Inc. v. G. Heileman Brewing Co.*, 883 F.2d 569, 573 (7th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). In deciding a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. *Regner v. City of Chi.*, 789 F.2d 534, 536 (7th Cir. 1986). The question here becomes whether, on the facts before this Court, applicable law allows AME to be liable for any liability PCA might have as a result of Dileo's injuries.

At oral argument, the parties agreed that either Illinois or New York law applies to these issues.[1] The Court need not decide in this instance which state's law applies, because summary judgment is appropriate in this case under either Illinois or New York law. Under Illinois law, where one corporation purchases another corporation's assets, the purchasing corporation generally is not liable for the liabilities and debts of the purchased corporation. *Nilsson v. Cont'l*

---

[1] AME's brief points out that Illinois conflict of law principles dictate that Illinois law applies, using the "most significant relationship" test. (Def.'s Mem. at 2-3.) AME also states that "[t]he terms agreement between PCA and AME designates New York law as the law governing the agreement." (Def.'s Mem. at 4.)

*Mach. Mfg. Co.*, 251 Ill. App. 3d 415, 417-18, 621 N.E.2d 1031 (App. Ct. 1993). Illinois law provides four exceptions to this general rule. The purchasing corporation is liable for the purchased corporation's debts and liabilities where "(1) an express or implied agreement of assumption exists; (2) the transaction amounts to a merger of the seller into the buyer or a consolidation of the two; (3) the buyer is a mere continuation of the seller; or (4) the transaction is fraudulent in that it was entered into to allow the seller to escape its liabilities." *Id.*

New York law is largely similar for the purposes of this motion. The general rule in New York is that a corporation purchasing another corporation's assets does not inherit the liabilities of the purchased corporation. An exception exists, in that where the seller and purchaser merge or consolidate, liability of the purchased corporation falls on the purchasing corporation. *In re New York City Asbestos Litig.*, 15 A.D.3d 254, 255-56, 789 N.Y.S.2d 484 (App. Div. 2005). *In re New York City Asbestos Litigation* lists factors to consider in determining whether the merger/consolidation exception applies:

> A transaction structured as a purchase-of-assets may be deemed to fall within this exception as a "de facto" merger, even if the parties chose not to effect a formal merger, if the following factors are present: (1) continuity of ownership; (2) cessation of ordinary business operations and the dissolution of the selling corporation as soon as possible after the transaction; (3) the buyer's assumption of the liabilities ordinarily necessary for the uninterrupted continuation of the seller's business; and (4) continuity of management, personnel, physical location, assets and general business operation.

*Id.* at 256, 789 N.Y.S.2d 484.

Here, applying either Illinois law or New York law, no exception to the general rule applies, and AME is not liable for any liability PCA may have in connection with Dileo's

injuries. Initially, the Court notes that Vi-Jon did not submit separate, additional material facts as to which there is no genuine issue, and it did not specifically deny any of the facts AME put forth. Instead, Vi-Jon's Response includes a section entitled "Local Rule 56.1 Statement of Material Facts." This brief section indicates that Vi-Jon believes that "the portion of AME's statement of material facts entitled 'Statement of Facts Entitling AME to Summary Judgment' appears well documented." (Pl.'s Resp. at 2.) Vi-Jon then states that, until PCA makes an appearance in this suit, Vi-Jon is unable to "verify of the accuracy" of the facts AME gives. (*Id.*) Elsewhere in its Response, Vi-Jon generally agrees with the facts and law as given by AME, but simply argues that more facts are needed to determine accurately whether a genuine issue of material fact exists. (*See, e.g.*, Pl.'s Resp. at 3 ("There is nothing in the record to show how long PCA continued its operations, if at all, after AME's acquisition of some of PCA's assets. Accordingly, a *de facto* merger may have occurred which would preclude AME from being granted summary judgment.").)

The Court accepts the facts as presented by AME in its Statement of Material Facts as to Which There Is No Genuine Issue, which AME provided pursuant to Local Rule 56.1. Vi-Jon has explicitly stated that these facts appear well supported, and by refraining from specifically objecting to the facts that AME gives Vi-Jon implicitly agrees to the truth of those facts. Because the facts given demonstrate that AME is entitled to summary judgment in its favor, the Court does not defer deciding this motion until PCA joins this case.

The facts that AME gives do not demonstrate that any exception to the general rule applies. On the facts given, the most applicable exception under Illinois or New York law is the

exception for a merger or continuation of business.[2] The facts do not indicate that a merger took place. "Illinois courts have indeed recognized that the *de facto* merger and mere continuation exceptions to successor corporation nonliability are 'inseparable.'"[3] *Nilsson*, 251 Ill. App. 3d at 418, 621 N.E.2d 1032. Under *Nilsson*, "the most important factor in determining whether a *de jure* or *de facto* merger has occurred is identity of ownership of the new and former corporations." *Id.* Under the facts before the Court, identity of ownership is not present. The facts that AME gives, supported by affidavits, indicate that PCA and AME were independently operated. Moreover, the facts indicate that, although the transaction was a sale of PCA's assets, it was not a sale of all of PCA's assets. In addition, PCA continued to operate on some level after the conclusion of the sale of its assets. Each of these considerations leads the Court to believe that a merger did not take place between AME and PCA under Illinois law.

The same result is found applying New York law. Considering the factors enunciated in *In re New York City Asbestos Litigation*, continuity of ownership is not present on these facts. As stated above, the corporations were independently operated. Because PCA continued to operate for some period of time following the transaction, the facts indicate that AME did not

---

[2] No party has presented any facts that would indicate that the transaction was fraudulently designed so as to shield PCA from liability. In addition, the terms agreement between AME and PCA states explicitly that AME does not assume any of PCA's liability.

[3] *Nilsson* did indicate that these two exceptions are not "indistinguishable." To the extent that the exceptions are different, the facts in the instant case do not support a mere continuation, as a mere continuation "applies where a corporate reorganization has taken place" (whereas a merger "involves the combining of two existing corporations into a single successor corporation"). *Nilsson*, 251 Ill. App. 3d at 418, 621 N.E.2d 1032. No facts support a corporate reorganization.

cease ordinary business and did not dissolve as soon as possible. The terms agreement indicates that AME expressly agreed that it would not assume PCA's liabilities. Finally, the facts indicate a discontinuity of personnel and management; although some PCA employees were offered employment with AME, this option was not available to every employee, particularly those principals of PCA who were bound by noncompete agreements. For these reasons, summary judgment is warranted under New York law.

Vi-Jon argues that the facts AME presented do not rule out the possibility of a merger, and that more facts are needed to flesh out this theory. (*See* Pl.'s Resp. at 3.) In order to demonstrate that summary judgment is not appropriate, Vi-Jon must present evidence and argument demonstrating that a genuine issue of material fact exists, which Vi-Jon has not done. For example, Vi-Jon argues that AME has not indicated the length of time that PCA operated independently of AME after the transaction. (*Id.*) The Court believes that the mere fact of any continued operation is probative of the nonexistence of a merger, in light of Illinois and New York case law. If Vi-Jon wished to point out additional facts that undercut this evidence, Vi-Jon should have presented evidence to that end. The Court notes that the federal rules provide that, if a party objecting to summary judgment needs additional time to garner facts to support its argument, the Court may allow that party additional time to obtain evidentiary support, such as affidavits. *See* Fed. R. Civ. P. 56(f). Vi-Jon did not seek additional time from this Court; Vi-Jon simply argued this motion on the facts presented by AME. Because the facts given by AME support a summary judgment, the Court's decision is not premature, and the Court need not defer its decision until additional facts are available.

### III. Conclusion

For the foregoing reasons, the Court grants AME's motion for summary judgment.

**ENTER ORDER:**

_____
**MARTIN C. ASHMAN**
United States Magistrate Judge

Dated: July 16, 2007.

Copies have been mailed to:

ERIC D. JONES, Esq.
PAUL B. EPISCOPE, Esq.
Paul B. Episcope, L.L.C.
77 West Washington Street
Suite 300
Chicago, IL 60602

Attorneys for Plaintiff, Lucas Dileo,
 a Minor, by Frank Dileo, his
 Father and Next Friend

HOWARD T. TRAFMAN, Esq.
Meachum & Trafman
10 South LaSalle Street
Suite 2800
Chicago, IL 60603

Attorneys for Defendant/Third-Party
 Plaintiff, Vi-Jon Laboratories, Inc.

STEVEN M. MAHONEY, Esq.
Law Offices of Thaddeus J. Gustafson
Two North LaSalle Street
Suite 2510
Chicago, IL 60602

Attorneys for Third-Party Defendant,
 American Marketing Enterprises, Inc.

JANE E. HUGHES, Esq.
PATRICK C. DOWD, Esq.
Dowd & Dowd, Ltd.
617 West Fulton Street
Chicago, IL 60661

Attorneys for Defendant, Chemisphere
 Corp.

THOMAS G. DENT, Esq.
1268 Winwood Drive
Lake Forest, IL 60045

Attorney for Third-Party Defendant/
 Counter-Plaintiff, Theresa Dileo

CHRISTIAN NOVAY, Esq.
DANIEL E. TRANEN, Esq.
Wilson, Elser, Moskowitz, Edelman
 & Dicker
120 North LaSalle Street
Suite 2600
Chicago, IL 60602

Attorneys for Third-Party Defendant,
 Pretium Packaging

DOMINICK W. SAVAIANO, Esq.
R. BARON RINGHOFER, Esq.
Clausen Miller, P.C.
10 South LaSalle Street
Chicago, IL 60603

Attorneys for Third-Party Defendants, Berry
 Plastics Corporation and Poly-Seal Corporation

KEVIN G. OWENS, Esq.
MEANITH HUON, Esq.
JULIE E. BENES, Esq.
Johnson & Bell, Ltd.
55 East Monroe Street
Suite 4100
Chicago, IL 60603

Attorneys for Defendant, Disney Enterprises, Inc.